**UNITED STATES, Appellee,**

v.

**Sergeant Michael P. KELLY, SSN 206–50–9581, United States Army, Appellant.**

**CM 440639.**

U. S. Army Court of Military Review.

11 Sept. 1981.

Major Robert C. Rhodes, JAGC, and Captain Chuck R. Pardue, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain John T. Meixell, JAGC, and Captain Richard J. Fadgen, JAGC, were on the pleadings for appellant.

Before MITCHELL, MILLER and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

MILLER, Judge:

The appellant was charged with eight offenses involving the sale, possession, and use of marihuana in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (1976). He was also charged with conspiracy to sell marihuana and violation of a lawful general regulation by possessing .45 caliber ammunition in violation of Articles 81 and 92, UCMJ, 10 U.S.C. §§ 881 and 892 (1976), respectively. He was convicted by a general court martial with members of all charges except one specification alleging sale of marihuana on 15 May 1980.[1] This specification along with the conspiracy charge concerns one of appellant's assignments of error. Appellant raises several assignments of error, two of which merit discussion.

### I

Appellant asserts that the trial court lacked jurisdiction over the offenses because of an absence of a written request by the appellant that the court include enlisted members.

■ Most of the offenses with which appellant was charged were originally re-ferred for trial by a special court-martial empowered to adjudge a bad-conduct discharge.[2] Those charges were formally withdrawn from the special court-martial and along with an additional charge were investigated pursuant to Article 32, UCMJ, 10 U.S.C. § 832, and thereafter referred to a general court-martial for trial. A written request for trial by a court including enlisted members was submitted by appellant on 12 June 1980 while the charges were still referred to a special court-martial.[3] Subsequent to referral of the charges to a general court-martial, appellant's civilian attorney[4] forwarded a letter to the trial counsel in which he advised that appellant persisted in his request for a court with enlisted members despite referral of the charges to a general court-martial. Thereafter, at an Article 39(a), UCMJ, 10 U.S.C. § 839(a) (1976) session on 16 September 1980, the following colloquy occurred with respect to the issue of enlisted persons on the court:

MJ: And I gather you have requested enlisted persons in writing?

ACC: Yes, sir.

Having requested in writing enlisted members at "my court-martial" and that request having been reaffirmed in writing by appellant's civilian defense counsel and orally by himself at his trial, appellant's claim that the court-martial lacked jurisdiction has no merit. The language used by this court in *United States v. Williams*, 50 C.M.R. 219, 221 (A.C.M.R.1975), applies here:

We can think of no logic which would demand a new request under these circumstances... Here the written request for enlisted members was properly executed prior to trial. The fact of a mis-

---

1. Appellant's sentence of reduction to E–1, hard labor without confinement for 3 months and forfeiture of $334.00 pay per month for 12 months was approved by the convening authority.

2. The allied papers accompanying the record of trial indicate that all the specifications and charges except the additional charge alleging a violation of a lawful general regulation were referred to a special court-martial for trial.

3. Appellant's written request did not refer to special court-martial, but rather requested "... that the membership of *my court-martial* be composed of at least one-third enlisted members" [emphasis supplied].

4. Appellant's civilian attorney later withdrew from the case and appellant was defended by requested military counsel and detailed military defense counsel.

trial did not have the effect of voiding that request. Appellant was free to withdraw the request at any time prior to assembly of the court.

In our opinion, the effect of a withdrawal of the charge from a special court-martial and referral to a general court-martial for trial did not have the "effect of voiding" appellant's request for enlisted members, particularly in view of his subsequent reaffirmance of that request. It is clear that not only did appellant's attorney regard the earlier request as still viable, but that all of the participants at the general court-martial did as well. The colloquy regarding trial forum was not concerned with a long past election but with the appellant's current one. Accordingly, we find that the trial court did not lack jurisdiction over the offenses.

## II

■ Relying on a previously unpublished opinion of this panel,[5] appellant contends, and the Government concedes, that the military judge erred by entering a finding of not guilty to the conspiracy charge (Additional Charge I and its specification)[6] after the court members had entered a verdict of guilty. This action of the military judge was based upon an inconsistency in the court members' verdicts—namely, that the accused was acquitted of the substantive offense (sale of marihuana on 15 May 1980) alleged as the overt act of the conspiracy charge. Since the sale of marihuana was the only overt act alleged, the conspiracy charge, as a matter of law, could not stand. *United States v. Reid*, 12 U.S.C.M.A. 497, 31 C.M.R. 83 (1961). We believe our prior holding that a military judge is powerless to act in this situation to be incorrect.

■ The military judge's authority to enter contrary findings of not guilty after the court members' verdict is based upon Article 51(b), UCMJ, 10 U.S.C. § 851(b) (1976) which provides, *inter alia*, that a "military judge ... shall rule upon all questions of law ... arising during the proceeding" and upon paragraph 39*b*, Manual for Courts-Martial, United States, 1969 (Revised edition) which charges the military judge with the responsibility "for the fair and orderly conduct of the [trial] proceedings in accordance with law." This authority is limited, however, in that he may set aside only those findings of guilty incorrect as a matter of law inasmuch as he is not a factfinder for purposes of a verdict at a trial with members. To deny a judge this authority would require him to submit legally erroneous findings of guilty (in this case, of a conspiracy) along with correct findings, for the consideration of the members in their determination of an appropriate sentence. His instructions regarding maximum sentence would likewise be infected with error. We reject such absurdity.[7] An accused is entitled to proper consideration of his sentence by the members when the case is before them and not have to rely on later corrective action on the findings and sentence reassessment by the convening authority. This military judge in this case correctly entered a finding of not guilty to the charge of conspiracy.

The findings of guilty and the sentence are affirmed.

Senior Judge MITCHELL and Judge LEWIS concur.

---

5. *United States v. Davis*, CM No. 439273 (A.C.M.R. 18 February 1981).

6. Appellant requests that this Court ratify the action of the military judge by setting aside and dismissing the charge. Finding, as we do, the military judge's action correct as a matter of law we find this request unnecessary.

7. Technically, alternatives do exist. A military judge could declare a mistrial upon the members' announcement of findings. This, however, would affect all findings of guilty, not only the legally defective one, and require a full rehearing. Second, a military judge could *request* the members to reconsider their findings, but the request need not be complied with. Neither alternative is satisfactory.