UNITED STATES, Appellant and
Cross-Appellee,

v.

Michael P. KELLY, Sergeant, U.S. Army,
Appellee and Cross-Appellant.

No. 41963.
CMR 440639.

U. S. Court of Military Appeals.

Nov. 8, 1982.

For Appellant: *Captain Richard J. Fadgen* (argued); *Colonel R. R. Boller, Major John T. Edwards, Major John T. Meixell* (on briefs).

For Appellee: *Captain Chuck R. Pardue* (argued); *Major Raymond C. Ruppert, Major Robert C. Rhodes, Captain Peter R. Huntsman* (on briefs).

1. Uniform Code of Military Justice, 10 U.S.C.

*Opinion of the Court*

EVERETT, Chief Judge:

Sergeant Kelly was tried by a general court-martial with members for eight offenses involving sale, possession, and use of marihuana, in violation of Article 134; conspiracy to sell marihuana, in violation of Article 81; and violation of a lawful general regulation by possessing .45-caliber ammunition, in violation of Article 92.[1] The alleged conspiracy was for the purpose of wrongfully selling marihuana, the overt act being a sale to Specialist Four Donald L. Allen.

The court members found Kelly guilty of every charge except wrongfully selling marihuana—the alleged overt act of the conspiracy. Thereafter, and before sentencing proceedings had commenced, this discussion took place:

TC  Sir, at this time, the government, after yesterday's verdict, looking at the charges and specifications and in light of the instructions that were given by the Military Judge and the verdict which was handed down by the court members of finding Sergeant Kelly not guilty of Specification 5 of Additional Charge II, in light of that fact and the fact that the court members did find Sergeant Kelly guilty of Additional Charge I, Additional Charge I, conspiracy charge alleging the overt act of wrongful sale of marihuana, the government would move for dismissal of Charge I.

MJ  Charge I?

TC  Additional Charge I, Article 81.

MJ  Defense?

DC  Your Honor, we would request not a dismissal, but a directed finding of not guilty be entered to that Additional Charge I and specification.

MJ  Okay. The court at this time has a finding of not guilty in regard to the specification of Additional Charge I and Additional Charge I.

TC  Sir, I believe that the . . .

MJ  Which alleges a violation of Article 81.

§§ 934, 881, and 892, respectively.

TC  I believe, therefore, that the maximum punishment then would be confinement at hard labor for 22 years as opposed to 27.

IDC  Defense is in agreement with that, Your Honor.

Subsequently, the court-martial adjudged the sentence of 3 months' hard labor without confinement, forfeiture of $334 pay per month for 12 months, and reduction to the grade of E-1.

Discussing the "Defense Motion for a Directed Verdict," the staff judge advocate's review advised:

Since the substance of Additional Charge I and its Specification is a conspiracy to sell marihuana at the quarters of SGT Himmelberger on the 15th of May and that the overt act alleged to have occurred was that the accused wrongfully sold marihuana to Allen, the court findings mandated granting the Defense motion. The military judge correctly granted the defense motion and entered findings of not guilty as to Additional Charge I and its Specification.

After a *Goode* response[2] and a petition for clemency had been submitted by defense counsel, the convening authority approved the sentence and ordered it executed.

The record of trial was referred to the United States Army Court of Military Review pursuant to Article 69, Uniform Code of Military Justice, 10 U.S.C. § 869. There Kelly asserted that the military judge erred by entering findings of not guilty on Additional Charge I, as he lacked the power to do this; but that by his action the convening authority—who did have the power to find Kelly not guilty—indicated his intent to ratify the findings of the military judge. Appellate defense counsel also suggested that, "[t]o remove any ambiguity concerning the findings in this case," the Court of Military Review "should set aside the members' finding of guilty as to Additional Charge I and its specification and dismiss the charge." Replying to this assignment, appellate government counsel stated: "In order to remove any possible ambiguity concerning the Military Judge's directed finding of not guilty as to Additional Charge I, the Government requests this Honorable Court to set aside and dismiss Additional Charge I. *United States v. Davis,* CM No. 439273 (A.C.M.R. 18 Feb. 1981) (Appendix)."

In *Davis,* where the circumstances were somewhat similar, the Court of Military Review concluded, "In our view, the convening authority's action in the case had the practical effect of ratifying the unusual, and we think erroneous, modification of the announced findings on the part of the military judge." Unpublished opinion at 2 (on reconsideration). However, in the case at bar, the Court of Military Review rejected its earlier reasoning in *Davis* and announced, "We believe our prior holding that a military judge is powerless to act in this situation to be incorrect." Their rationale was:

The military judge's authority to enter contrary findings of not guilty after the court members' verdict is based upon Article 51(b), UCMJ, 10 U.S.C. § 851(b) (1976) which provides, *inter alia,* that a "military judge ... shall rule upon all questions of law ... arising during the proceeding" and upon paragraph 39*b,* Manual for Courts-Martial, United States, 1969 (Revised edition) which charges the military judge with the responsibility "for the fair and orderly conduct of the [trial] proceedings in accordance with law." This authority is limited, however, in that he may set aside only those findings of guilty incorrect as a matter of law inasmuch as he is not a factfinder for purposes of a verdict at a trial with members. To deny a judge this authority would require him to submit legally erroneous findings of guilty (in this case, of a conspiracy) along with correct findings, for the consideration of the members in their determination of an appropriate sentence. His instructions regarding maximum sentence would likewise be infected with error. We reject such absurdity. An accused is entitled to

2.  *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975).

proper consideration of his sentence by the members when the case is before them and not have to rely on later corrective action on the findings and sentence reassessment by the convening authority. This military judge in this case correctly entered a finding of not guilty to the charge of conspiracy.

12 M.J. 509, 511 (A.C.M.R.1981) (footnote omitted).

Thereupon, these two questions were certified to us by the Judge Advocate General pursuant to Article 67(b)(2), UCMJ, 10 U.S.C. § 867(b)(2):

> Was the military judge required to ensure consistent findings of a court with members where the accused was acquitted of the substantive offense alleged as the only overt act of the conspiracy but convicted of the conspiracy?
>
> If the military judge was required to ensure consistent findings by the court, does he have the power to enter a finding of not guilty as to the previously announced finding of guilty?

In turn, within thirty days after the decision of the Court of Military Review had been served on Kelly, he submitted a petition for review, which led to our specifying this issue:

> May an accused file a cross-petition for Grant of Review before this Court when the Judge Advocate General of the United States Army orders the case sent to this Court pursuant to Article 67(b)(2), 10 U.S.C. § 867(b)(2), Uniform Code of Military Justice, after the case was reviewed by the United States Army Court of Military Review as directed by the Judge Advocate General under the provisions of Article 69, UCMJ, 10 U.S.C. § 869?

After appellate defense counsel filed a brief on the specified issue, the case was heard on March 25, 1982; and, because of issues raised during oral argument, we asked for supplemental briefs and also allowed Kelly to submit a supplemented cross-petition and supporting brief, subject to dismissal by the Court thereafter. Those documents have now been filed.

I

Article 64 of the Uniform Code (10 U.S.C. § 864) directs that

> [i]n acting on the findings and sentence of a court-martial, the convening authority may approve only such findings of guilty, and the sentence, or such part or amounts of the sentence, as he finds correct in law and fact and as he in his discretion determines should be approved. Unless he indicates otherwise, approval of the sentence is approval of the findings and sentence.

After the findings of guilty had been returned by the court members, trial counsel moved to dismiss the findings of guilty on the conspiracy charge; the military judge purported to enter findings of not guilty thereon pursuant to a defense motion; the staff judge advocate in his review advised the convening authority that the judge had acted properly; and the convening authority in no way indicated disagreement with this advice.[3] Under these circumstances the convening authority's approval of Kelly's sentence cannot be construed as "approval" of the findings of guilty on the conspiracy charge.[4]

■ Under Article 66(c) of the Uniform Code (10 U.S.C. § 866(c)), "the Court of Military Review may act only with respect to the findings and sentence *as approved by the convening authority.*" (Emphasis supplied.) Nothing in the language of Article 69 suggests that this language is in any way limited in its applicability to cases which are referred to a Court of Military Review by the Judge Advocate General pursuant to Article 69. Since no finding of

---

**3.** Paragraphs 85*c* and 91*a* of the Manual for Courts-Martial, United States, 1969 (Revised edition), prescribe procedures to be followed when a convening authority disagrees with the opinion of his staff judge advocate on certain matters.

**4.** More likely, the convening authority intended to disapprove this finding of guilty—to whatever extent it still had any vitality. The Court of Military Review could have remanded to the convening authority for clarification of his intent, if it chose to do so.

guilty on the conspiracy charge was ever approved by the convening authority, the Court of Military Review could not "act" thereon. Therefore, its views as to the judge's power to set aside findings of guilty must be viewed as dicta, which only have advisory effect.

▮ Under Article 67(d) our Court "may act only with respect to the findings and sentence *as approved by the convening authority* and as affirmed or set aside as incorrect in law by the" Court of Military Review. (Emphasis supplied.) Since no finding of guilty on the conspiracy charge has ever been "approved by the convening authority," we can take no action with respect to that finding. As the certified questions concern only the findings on that charge, our answers to those questions would also be advisory; and traditionally we have declined to give advisory opinions.[5] *United States v. McAnally,* 10 M.J. 270 (C.M.A.1981); *United States v. Clay,* 10 M.J. 269 (C.M.A.1981). Accordingly, in this present case we shall not answer the certified questions.

## II

Article 69 of the Code provides that when a case is reviewed pursuant to its provisions, "there may be no further review by the Court of Military Appeals except under" Article 67(b)(2). Nonetheless, Kelly asserts that he may file a cross-petition. Although by reason of the express limitation in Article 69, he could not submit a petition to us for review if no certificate of review had been filed, he contends that he may file a cross-petition once our jurisdiction has been invoked under Article 67(b)(2).

▮ Article 67(b)(2) directs that we "review the record in . . . all cases reviewed by a Court of Military Review which the Judge Advocate General orders sent to the Court of Military Appeals for review." Article 67(d) provides that "[i]n a case which the

Judge Advocate General orders sent to" us, "action need be taken only with respect to the issues raised by him." There is similar phraseology in Article 67(d) as to cases reviewed upon petition of the accused pursuant to Article 67(b)(3). By negative implication, this statutory language implies that action *may* be taken by our Court with respect to issues other than those certified by the Judge Advocate General *when* review is sought under Article 67(b)(2) or those raised by an accused seeking review under Article 67(b)(3); and we have always exercised our jurisdiction in this manner.

▮ An accused may submit a petition *for review to us without assigning specific* issues. Article 67(b)(2) appears to grant the same option to the Judge Advocate General, so that—although it would be unusual—he might send a case to our Court for review without certifying *any* questions of law. In that event, we would have *jurisdiction* to review the case; but since no certified questions had been posed for our consideration, we would be free under Article 67(d) to take no action, even if we perceived legal error in the findings or sentence. On the other hand, since our jurisdiction had attached, we also would be free to take action as to the findings and sentence. In summary, once the Judge Advocate General sends our Court a case for review under Article 67(b)(2), we *must* take action with respect to those issues properly raised by him—issues that are not moot, advisory, or otherwise defective—and we *may* take action as to *any* issues of law posed by the case which affect the findings or sentence. When, as in the present case, a record is reviewed by a Court of Military Review under Article 69, further review may only occur under Article 67(b)(2). However, since we may review any issue of law affecting the findings or sentence once our jurisdiction has attached under Article 67(b)(2), there is no statutory bar to a request by an accused that we review issues of law which he sets forth. Such a request does not fall within

---

5. Since the Court of Military Review gave the very relief sought by both appellate defense and appellate government counsel, the absence of suitable occasion to answer the certified questions is especially evident.

the ambit of Article 67(b)(3) because of the limitation contained in Article 69. Therefore, we may dismiss it summarily if we so elect. However, in our discretion, we may consider an accused's request that we review issues he prescribes or we may review legal issues of our own selection.

■ In the present case the accused made such a request after our jurisdiction to review had been invoked under Article 67(b)(2). Since our Court's jurisdiction is not ousted by the Judge Advocate General's submission to us of questions that call for advisory opinions, the accused's request does not become improper or ineligible for our review because we decide that we need not answer the two certified questions.

### III

■ In this case we have decided *in our discretion* to consider the seven issues raised by Kelly. However, upon such consideration, we conclude that they lack merit. Accordingly, the decision of the Court of Military Review is affirmed.

Judge COOK concurs.

FLETCHER, Judge (concurring in part):

I concur with my Brothers' resolution as to the authority of this Court to "act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the" Court of Military Review.