UNITED STATES, Appellee,

v.

John W. McKINLEY, Jr., Staff
Sergeant, U.S. Air Force,
Appellant.

No. 57,106.
ACM S27181.

U.S. Court of Military Appeals.

Sept. 29, 1988.

For Appellant: *Timothy A. Smith,* (argued); *George P. Brandenburg,* (on brief); *Colonel Leo L. Sergi* and *Lieutenant Colonel Patrick C. Sweeney.*

For Appellee: *Major Kathryn I. Taylor* (argued); *Colonel Joe R. Lamport, Lieu-*

tenant Colonel Morris A. Tanner, Jr., Captain Marc Van Nuys (on brief); Lieutenant Colonel Robert E. Giovagnoni.

### Opinion of the Court

COX, Judge:

Appellant was tried by a special court-martial composed of officer members at Barksdale Air Force Base, Louisiana. Contrary to his pleas, appellant was convicted of using marijuana (Charge I) and obstructing justice (Charge II), in violation of Articles 112a and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 6 months, forfeiture of $300 pay per month for 4 months, and reduction to E–1.

Upon review, the convening authority approved "the finding of guilty of Charge II ... insofar as it finds a simple disorder under Article 134" and the sentence. The Court of Military Review affirmed the approved findings and the sentence in a short-form opinion on December 19, 1986.

Upon appellant's petition, we agreed to consider:

WHETHER A CHARGE OF SIMPLE DISORDER IS A LESSER INCLUDED OFFENSE OF OBSTRUCTING JUSTICE.

The specification under Charge II, as structured at trial, alleged that appellant

did, at Barksdale Air Force Base, Louisiana, on or about 10 January 1986, wrongfully endeavor to impede nonjudicial punishment proceedings under Article 15, Uniform Code of Military Justice, by preventing the communication of information, to wit: an unclassified routine message from "AFDTL BROOKS AFB TX/ DLU//" to "RUCVAAA/USAF HOSP BARKSDALE AFB LA//SGHL," bearing the date time group of 10164OZ Jan 86, relating to a violation of Article 112a, Uniform Code of Military Justice, and by removing a journal page of message headers which had been electromechanically generated and which were being maintained by the Information Processing Center, Barksdale Air Force Base,

Louisiana, which likewise related to a violation of Article 112a, Uniform Code of Military Justice.

In his post-trial review, the staff judge advocate informed the convening authority that the Government had failed to introduce evidence to support the obstruction-of-justice charge or to establish that appellant knew that if positive urinalysis results were received indicating the presence of tetrahydrocannabinol (THC) in his urine sample, he would be disciplined at Article 15, U.C.M.J., 10 U.S.C. § 815, proceedings. He recommended that the convening authority disapprove the obstruction-of-justice offense, noting that the evidence was sufficient to support a finding of "a simple disorder under Article 134." Pursuant to such advice, the convening authority modified the specification under Charge II from one alleging the obstruction of justice to one alleging "a simple disorder." He then approved the findings of guilty of Charge II as modified; the findings of guilty of Charge I and its specification; and the adjudged sentence.

 Article 79, U.C.M.J., 10 U.S.C. § 879, provides that "[a]n accused may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein." Generally, in military jurisprudence, we have long recognized that an appellate court may disapprove a finding because proof of an essential element is lacking or, as a result of instructional errors concerning lesser-included offenses, may substitute a lesser-included offense for the disapproved findings. This is true even if the lesser-included offense was neither considered nor instructed upon at the trial of the case. United States v. Pasha, 24 M.J. 87 (C.M.A.1987); United States v. Rodwell, 20 M.J. 264 (C.M.A.1985); United States v. LaFontant, 16 M.J. 236 (C.M.A. 1983); United States v. Patterson, 14 U.S. C.M.A. 441, 34 C.M.R. 221 (1964); United States v. Kuefler, 14 U.S.C.M.A. 136, 33 C.M.R 348 (1963); United States v. Mundy, 2 U.S.C.M.A. 500, 9 C.M.R. 130 (1953);

*United States v. Cline*, 2 U.S.C.M.A. 411, 9 C.M.R. 41 (1953). Likewise, a convening authority, in his "sole discretion," has the power to decide "what action to take on the findings and sentence of a court-martial." It "is a matter of command prerogative." R.C.M. 1107(b)(1), Manual for Courts-Martial, United States, 1984. He "may for any reason or no reason disapprove a finding of guilty or approve a finding of guilty only of a lesser offense." Discussion, R.C.M. 1107(c), Manual, *supra*. *See* Art. 60(c), U.C.M.J., 10 U.S.C. § 860(c).

■ Notwithstanding this remedial authority, there is nevertheless an obvious limitation upon its use. There must be a lesser-included offense to consider.

At trial, the military judge made the following inquiry:

Now I am of the opinion that the evidence raises no lesser included offenses. Do both counsel concur with that?

(Affirmative response from both counsel.)

Additionally, paragraph 96, Part IV, Manual, *supra*, defines elements of the Article 134 (Obstructing justice) offense as:

(1) That the accused wrongfully did a certain act;

(2) That the accused did so in the case of a certain person against whom the accused had reason to believe there were or would be criminal proceedings pending;

(3) That the act was done with the intent to influence, impede, or otherwise obstruct the due administration of justice; and

(4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Paragraph 96d unequivocally states, *"Lesser included offenses. None."*

We agree with the proposition advanced by the Government that

[r]emoving the language referring to nonjudicial punishment from the specification leaves it reading substantially as follows:

. . . did, at Barksdale AFB, Louisiana, on or about 10 January 1986, wrongfully prevent the communication of information, . . .

The specification with which we are left, under the circumstances of this case, might allege sufficient information to put an accused on notice that he has committed an offense under Article 134 of the Code. *See* para. 60c(2), Part IV, Manual, *supra*. It does not necessarily follow, however, that he can be found guilty of this offense.[1]

■ We simply hold that in the circumstances where (a) the Manual states that there are no lesser-included offenses; (b) the judge rules that there are no lesser-included offenses; and (c) counsel agree that there are no lesser-included offenses, such a ruling becomes the law of the case, absent *plain error* materially prejudicing a substantial right of an accused. Given this posture, we agree with the accused that he cannot be found guilty of the lesser-included offense.[2]

---

1. Paragraph 2b(4), Part IV, Manual for Courts-Martial, United States, 1984, specifically provides: "Specific lesser included offenses, if any, are listed for each offense discussed in this Part, but the lists are not all-inclusive." We have not, however, found it to be common practice in military jurisprudence to include "a simple disorder" as a lesser-included offense of each allegation of a violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, the "General article." While we agree that the language, "lists are not all-inclusive," means what it says, the fact remains that "a simple disorder" is not listed as a lesser-included offense for any of the specified disorders discussed in the Manual under the "General Article." Furthermore, it is not suggested in the discussion of Article 134

(*see* para. 60, Part IV, Manual, *supra*) that "a simple disorder" may be a lesser-included offense of any enumerated and specific offense. This strongly suggests that the enumerated charges and specifications found in the Manual under Article 134 have preempted "a simple disorder." We need not resolve that question here.

2. We commend the staff judge advocate and the convening authority for their sensitivity to this issue. Indeed, except for the jurisdictional limits that are placed upon special courts-martial, the reduction from "obstruction of justice" to "simple disorder" would have changed this offense from one that carries the potential for being awarded a dishonorable discharge and 5

The decision of the United States Air Force Court of Military Review is reversed as to Charge II and the sentence. The findings of guilty of Charge II and its specification are set aside and that Charge is dismissed. The record of trial is returned to the Judge Advocate General of the Air Force for resubmission to that court, which may, in its discretion, either set aside the sentence and authorize a rehearing thereon or reassess the sentence based on the remaining findings of guilty.[3]

Chief Judge EVERETT and Judge SULLIVAN concur.

---

years' confinement to one that could only result in a sentence of 4 months' confinement and no punitive discharge. Given the facts and circumstances surrounding this case, however, it is doubtful that appellant has suffered any prejudice. His conduct in removing the communication was probably admissible to show his guilty knowledge. Mil.R.Evid. 404(b), Manual, *supra.*

It also might have been admissible on sentencing. R.C.M. 1001(b), Manual, *supra.*

3. *See United States v. Sales,* 22 M.J. 305 (C.M.A. 1986), and *United States v. Rodwell,* 20 M.J. 264 (C.M.A.1985).