UNITED STATES, Appellee,

v.

Specialist Yvette M. McGHEE, 339–62–2602, United States Army, Appellant.

ACMR 8800958.

U.S. Army Court of Military Review.

19 Sept. 1991.

For Appellant: Captain James M. Heaton, JAGC, Captain Edward T. Keable, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC, Captain Joel J. Berner, JAGC (on brief).

Before FOREMAN, CREAN and HAGAN, Appellate Military Judges.

## OPINION OF THE COURT ON REMAND

FOREMAN, Senior Judge:

A general court-martial composed of officer and enlisted members convicted the appellant, contrary to her pleas, of involuntary manslaughter, in violation of Article 119, Uniform Code of Military Justice, 10 U.S.C. § 919 (1982). The approved sentence provided for a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to Private E1. The conviction was based on the court-martial's finding that the appellant was culpably negligent by failing to protect her five-year-old daughter from the physical abuse of her live-in boyfriend, Sergeant (SGT) Clay R. Hooker, Jr.

This court set aside the conviction of involuntary manslaughter, but affirmed a conviction of aggravated assault "through gross neglect in leaving her daughter with her boyfriend who was likely to inflict grievous bodily harm upon her daughter." *United States v. McGhee*, 29 M.J. 840, 842 (A.C.M.R.1989), *rev'd in part*, 32 M.J. 322 (C.M.A.1991). We reassessed the sentence and affirmed only so much of the sentence as provided for a bad-conduct discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to Private E1.

The Court of Military Appeals held that aggravated assault was not a lesser included offense of involuntary manslaughter, and remanded the case to this court "to consider the lesser-included-offense of negligent homicide." Our disposition of the case on remand requires that we resolve three issues: (1) Is negligent homicide a lesser included offense?, (2) Do the findings of fact and holding in the previous opinion of this court preclude us from affirming a conviction of negligent homicide?, and (3) Does the evidence of record support a conviction of negligent homicide?

The first issue is easily resolved. Negligent homicide is recognized as a lesser-included offense of involuntary manslaughter in the Manual for Courts-Martial, United States, 1984, Part IV, paragraph 44d(2)(b). The Court of Military Appeals relied on this Manual opinion in remanding this case. *United States v. McGhee*, 32 M.J. at 325.

Turning to the second issue, we hold that the previous opinion of this court does not preclude us from affirming a conviction of negligent homicide on remand. We recognize that our action must conform to the limitations and conditions prescribed by the remand. *United States v. Montesinos*, 28 M.J. 38, 44 (C.M.A.1989). Although the terms of the remand require us to determine whether the evidence supports a conviction of negligent homicide, we do not construe it as authorizing us to overturn findings of fact in the previous opinion of this court. The previous opinion found that the appellant was on notice that SGT Hooker had twice previously abused her daughter, Shanta, but expressed doubt that "the pattern of abuse portended death," because "the pattern of physical abuse went on for a long time without an apparent risk of death." The appellant cannot be convicted of negligent homicide unless

her failure to act was the proximate cause of her daughter's death. The essence of proximate cause is foreseeability. *United States v. Perez,* 15 M.J. 585, 587 (A.C.M.R.1983). It is not essential, however, that the ultimate harm be foreseen or intended by the appellant; it is sufficient that the ultimate harm is one which a reasonable person would foresee. *Id.,* citing 1 R. Anderson, *Wharton's Criminal Law and Procedure* § 68 (1957). We hold that this court's previous expression of doubt that SGT Hooker's abuse "portended death" to the appellant's daughter does not preclude us from finding that a reasonable parent would have foreseen that leaving Shanta in SGT Hooker's care might result in Shanta's death.

The Court of Military Appeals noted that "[w]e do not construe the opinion of the Court of Military Review as holding as a matter of fact that negligent homicide did not occur in this case." *United States v. McGhee,* 32 M.J. 322 n. (C.M.A.1991). Our previous opinion affirmed conviction of an offense greater than negligent homicide, finding that the appellant's "degree of culpability warrants our finding guilt of aggravated assault rather than merely negligent homicide." *United States v. McGhee,* 29 M.J. at 842. We hold that we are not precluded by the previous opinion of this Court from affirming a conviction of negligent homicide.

■ Upon further review, we hold that the evidence of record is legally and factually sufficient to support a conviction of negligent homicide. The appellant had observed SGT Hooker spanking her son, Anthony, with sufficient force to draw blood. Anthony had told the appellant that SGT Hooker "used to punch him around and stuff." The appellant knew that SGT Hooker had twice abused Shanta, once by punching her in the stomach and once by scalding her hand. We find that the appellant was negligent by leaving Shanta in the care of SGT Hooker, in spite of her personal knowledge of SGT Hooker's excessive violence toward the children. We find further that Shanta's death was a natural and foreseeable consequence of the appellant's negligent act of leaving Shanta in the care of SGT Hooker. *See United States v. Perez,* 15 M.J. 585 (A.C.M.R.1983) (affirms conviction of negligent homicide by mother who left child in the care of boyfriend who had twice inflicted injuries requiring hospitalization).

The court affirms only so much of the findings of guilty of Additional Charge I and its Specification as find that the appellant did unlawfully kill Shanta L. McGhee by negligently leaving Shanta L. McGhee with Sergeant Clay R. Hooker, Jr., who was likely to inflict grievous bodily harm resulting in death upon Shanta L. McGhee, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982). We previously affirmed only so much of the findings of guilty of Additional Charge II and its Specification as found that the appellant assaulted Anthony McGhee with a means likely to inflict grievous bodily harm, and we affirmed the remaining findings of guilty. Reassessing the sentence on the basis of the errors noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to Private E1.

Judge CREAN and Judge HAGAN concur.