**UNITED STATES, Appellee,**

v.

**Private E2 Pedro R. GALLEGOS, 460–95–4169, United States Army, Appellant.**

**ACMR 9301136.**

U.S. Army Court of Military Review.

27 May 1994.

For Appellant: Captain Thomas D. Wight, JAGC, Captain Don F. Pollack, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Captain Glenn L. Kirschner, JAGC (on brief).

Before WERNER, LANE, and RUSSELL, Appellate Military Judges.

OPINION OF THE COURT

RUSSELL, Judge:

A general court-martial consisting of officer and enlisted members convicted the appellant, contrary to his pleas, of rape and false swearing in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 (1988) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority disapproved the findings of guilty of rape, approved the findings of guilty of indecent acts in violation of Article 134, UCMJ, and approved only so much of the sentence as provided for a bad-conduct discharge, confinement for 6 months, forfeiture of $407.00 pay per month for 6 months and reduction to Private E1.

This case is before the court for initial review pursuant to Article 66, UCMJ.

The appellant asserts that the convening authority erred by approving a finding of guilty to indecent acts, an offense that was not a lesser included offense in this case. We agree.

A convening authority may change a finding of guilty to a charge or specification to a finding of guilty of an offense that is a lesser included offense of the offense stated in the charge or specification. UCMJ art. 60(c)(3)(B). However, there is an obvious limitation on this remedial power; there must be a lesser included offense to approve. *United States v. McKinley,* 27 M.J. 78, 80 (C.M.A.1988); *see United States v. McGhee,* 32 M.J. 322 (C.M.A.1991); and *United States v. Hogan,* 20 M.J. 221 (C.M.A.1985).

Here, the appellant was convicted of rape in violation of Article 120, UCMJ. The convening authority disapproved the findings of guilty of rape and approved a finding of guilty of indecent acts under Article 134, UCMJ. However, the Manual for Courts–Martial does not list indecent acts as a lesser included offense of rape. Manual for Courts–Martial, United States, 1984, Part IV, para. 45d(1).* Moreover, counsel agreed and the military judge ruled that no lesser included offenses were raised by the evidence in this case. Thus, inasmuch as the trial judge's ruling on lesser offenses was not plain error materially prejudicial to the appellant, it is binding on the convening authority as the law of the case. Consequently, even though there was some evidence that the appellant committed indecent acts, the convening authority had no power to approve a finding of guilty of indecent acts. *McKinley,* 27 M.J. 78.

We have considered the remaining assertion of error and find it to be without merit.

The approved findings of guilty of Charge I and its Specification are set aside and that Charge and its Specification are dismissed. The remaining findings of guilty are affirmed. The sentence is set aside. A re-

hearing on the sentence may be ordered by the same or a different convening authority.

Senior Judge WERNER and Judge LANE concur.

---

* We note that while the offense of indecent acts with another is not listed in the Manual for Courts–Martial as a lesser included offense of rape, it *is* listed as a lesser included offense of indecent assault, which itself is a listed lesser included offense of rape. Although under certain circumstances, the offense of indecent acts may be a lesser included offense of rape, we are satisfied that it does not exist in this case. *See United States v. Johnson,* 39 M.J. 1033, 1042, n. 1 (A.C.M.R.1994) (Russell, J., concurring); *cf. United States v. Teters,* 37 M.J. 370 (C.M.A.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994).