UNITED STATES, Appellee

v

GERALD B. ARTHUR, Airman Third Class,
U. S. Air Force, Appellant,

8 USCMA 210, 24 CMR 20

No. 9419

Decided September 6, 1957

*Captain Richard C. Bocken* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Ellis L. Gottlieb* and *Lieutenant Colonel Stanley S. Butt.*

*Captain John W. Fahrney* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Francis P. Murray.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The question in this case is whether a false statement made by the accused is official within the meaning of Article 107 of the Uniform Code of Military Justice, 10 USC § 907.

The evidence shows that Captain J. F. Campbell and his wife left the Officers Club at the Rhein Main Air Base, Germany. On reaching the street, the captain observed the accused with a girl. He saw the accused strike the girl in what he considered "a violent manner." He approached the couple, identified himself as an officer, and asked for identification from the accused. When the request was refused, he ordered the accused to accompany him to the Air Police Station. The order was also refused. The captain then "placed . . . [the accused] under arrest." The accused protested the arrest. In Captain Campbell's words, "he told me I couldn't place him under arrest, *he was a member of the Air Police* and he knew the law." The italicized part of the accused's statement is alleged to be a false official statement, in violation of Article 107, supra.

Article 107 subjects to punishment any person subject to the Code who "signs any false record, return, . . .

or other official document, . . . or makes any other false official statement knowing it to be false." In United States v Hutchins, 5 USCMA 422, 18 CMR 46, we reviewed the historical background of the Article, and concluded that its purpose was "to 'protect the authorized functions of governmental departments and agencies from the perversion which might result from the deceptive practices described.'" Page 427. In the present situation, there is no semblance of an official governmental function.

As an officer, Captain Campbell had the right to arrest the accused on "probable cause." Article 9, Uniform Code of Military Justice, 10 USC § 809. But the rights and the obligations of a person as an officer are separate from his performance of a governmental function. For example, an officer, as such, is entitled to respect from his subordinates, and it is an offense not to accord it to him. Article 89, Uniform Code of Military Justice, 10 USC § 889. However, the right to respect has its basis in the officer's status, without any necessary connection with a particular military duty which he may have to perform. However, if it is to be regarded as "official" within the meaning of Article 107, a statement must be concerned with a governmental function. It is apparent, therefore, that a material difference exists between the status rights and duties of an officer and his action in carrying out a military duty. The essence of that difference is expressed in the Manual's statement that the "relative rank of the person intended to be deceived is immaterial if that person was authorized in the execution of his office to require the statement or document from the accused." Manual for Courts-Martial, United States, 1951, paragraph 186, page 342.

Here, Captain Campbell was not acting as a law enforcement agent. What the situation might be if he were so acting need not detain us at this time. United States v Gunnels, 8 USCMA 130, 23 CMR 354; United States v Price, 7 USCMA 590, 23 CMR 54. Cf. Knowles v United States, 224 F2d 168 (CA10th Cir) (1955). The important circumstance is that he was acting by virtue of his status, and not discharging the functions of a particular office. Consequently, nothing that the accused said could possibly pervert the performance of a governmental operation. We conclude, therefore, that the accused's statement is not official within the meaning of Article 107.

The decision of the board of review as to Charge IV and the sentence is reversed. The findings of guilty of Charge IV are set aside, and the Charge is ordered dismissed. The record of trial is returned to The Judge Advocate General of the Air Force for submission to a board of review for reconsideration of the sentence on the basis of the remaining approved findings of guilty.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

The heart of my disagreement with this opinion is to be found in the statement that Captain Campbell was not acting as a law enforcement agent, and therefore that we need not consider what result would follow if he were. It appears to me that the Court is imposing an improper limitation on official acts but, assuming arguendo the premise adopted by my associates, I am sure that this officer was acting as an official enforcing the law, and, accordingly, I would reach a contrary result on that issue.

Article 7(c) of the Uniform Code of Military Justice, 10 USC § 807, provides:

"Commissioned officers, warrant officers, petty officers, and noncommissioned officers have authority to quell quarrels, frays, and disorders among persons subject to this chapter and to apprehend persons subject to this chapter who take part therein."

Since both the accused and the girl he was striking were members of the Armed Forces, it is crystal clear to me that Captain Campbell was enforcing the law in accordance with his authority under Article 7 of the Code, supra. Indeed, being an officer and being confronted with this situation, I would

think him remiss in his duty had he done otherwise.

From the foregoing, it follows as a matter of course that when the accused several times, once in response to the Captain's request for him to identify himself, stated that he was a member of the Air Police, he knowingly made a false official statement. Accordingly, I would affirm the decision of the board of review.