**UNITED STATES, Appellee,**

v.

**Sergeant Earl BAILEY, 242–94–1278, United States Army, Appellant.**

**ACMR 8801594.**

U.S. Army Court of Military Review.

27 July 1989.

For Appellant: Colonel John T. Edwards, JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before MYERS, WERNER, and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

MYERS, Senior Judge:

Pursuant to his pleas, appellant was convicted by a military judge sitting as a general court-martial of drunk driving, violation of a lawful general regulation, obstructing justice, conspiracy to obstruct justice, wrongful appropriation of a military vehicle, and aggravated assault in violation of Articles 111, 92, 134, 81, 121 and 128, Uniform Code of Military Justice 10 U.S.C. §§ 911, 892, 934, 881, 921, 928, [hereinafter UCMJ], respectively. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for nine months, and reduction to Private E1.

On appeal, appellant asserts that the charges of obstructing justice and conspiracy to obstruct justice should be dismissed because the misrepresentation constituting the basis of the charge was directed to a Republic of Korea [hereinafter Korea or Korean] police officer who was not "a person authorized to engage in investigations on behalf of the United States Government." We disagree.

Appellant and Specialist (SPC) G departed Camp Carroll, near Taegu, Korea, in a military vehicle enroute to Camp Stanton, west of Seoul. During the course of the trip, they stopped at various places and consumed alcohol. That evening appellant, considering himself too drunk to drive, prevailed upon SPC G to drive even though SPC G was not properly licensed and was himself intoxicated. In Seoul, while SPC G was driving, the vehicle went through a traffic light and struck a six year old child who was crossing the street in the crosswalk. They took the child to a hospital, then went to a Korean police station to report the accident. Both appellant and SPC G were intoxicated but because only appellant had a military driver's license, they agreed to tell the Korean police that appellant was driving at the time of the accident. As a result of this misrepresentation, the Korean police tested appellant's blood for alcohol but did not test SPC G.

■ The Manual for Courts–Martial, United States, 1984 [hereinafter Manual or MCM, 1984], Part IV, para. 96b, sets forth the elements of the offense of obstructing justice in violation of Article 134, UCMJ, as follows:

(1) That the accused wrongfully did a certain act;

(2) That the accused did so in the case of a certain person against whom the accused had reason to believe there were or would be criminal proceedings pending;

(3) That the act was done with the intent to influence, impede, or otherwise obstruct the due administration of justice; and

(4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

An explanation of the offense is provided in paragraph 96c, which provides in pertinent part that

[e]xamples of obstructing justice include wrongfully influencing, intimidating, impeding, or injuring a witness, a person acting on charges under this chapter, an investigating officer under R.C.M. 406,

or a party; and by means of bribery, intimidation, misrepresentation, or force or threat of force delaying or preventing communication of information relating to a violation of any criminal statute of the United States to a person authorized by a department, agency, or armed force of the United States to conduct or engage in investigations or prosecutions of such offenses; or endeavoring to do so.

MCM, 1984, Part IV, para. 96c. Appellant relies on this language in the explanation to argue that the obstructing act must be directed at an individual "authorized to engage in investigations on behalf of the United States Government." Appellant asserts that this language mirrors the language of the offense of obstructing justice set forth in 18 U.S.C. § 1510(b) (1984) and that we should therefore interpret obstructing justice under Article 134, UCMJ, as requiring that the obstructing act be directed to an official of the United States.[1]

 If the federal criminal code is used as the basis for a charge under the third clause of Article 134, UCMJ, *i.e.* for crimes and offenses not capital, the elements of the criminal code would be controlling. *United States v. Ridgeway*, 13 M.J. 742, 746 (A.C.M.R.1982); *United States v. Chodkowski*, 11 M.J. 605, 607 n. 3 (A.F.C.M.R.1981). However, the elements of Article 134 offenses proscribing "disorders and neglects to the prejudice of good order and discipline" or "conduct of a nature to bring discredit upon the armed forces" are not dictated by the elements of

similar offenses denounced by the federal code. *United States v. Ridgeway*, 13 M.J. at 746; *United States v. Chodkowski*, 11 M.J. at 607. *See also United States v. Long*, 6 C.M.R. 60 (C.M.A.1952); *United States v. Rehak*, 25 M.J. 790 (A.C.M.R.), *petition denied*, 27 M.J. 18 (C.M.A.1988); *United States v. Caudill*, 10 M.J. 787 (A.F. C.M.R.1981). In this case, appellant was not charged under the third clause of Article 134, but the first and second clauses.[2] Further, the elements of obstructing justice explained in paragraph 96b, Part IV, MCM, 1984, are different from the elements of the offense set forth under 18 U.S.C. § 1510(b) (1984).[3] The pertinent language in the Manual is that "the act was done with the intent to influence, impede ... the *due administration of justice.*" This element does not specify who must be impeded or influenced or against whom the obstructing act must be directed. Accordingly, the elements of the offense justify a broad interpretation to include all instances of corrupt conduct intended to obstruct the "due administration of justice," in this case military justice of the United States. *See United States v. Guerrero*, 28 M.J. 223, 226–227 (C.M.A.1989); *United States v. Simpkins*, 22 M.J. at 924–927. Thus, the federal statute is not controlling and we are not required to look thereto to interpret the offense for which appellant was charged and convicted.

 The Status of Forces Agreement[4] between the United States and the Repub-

---

1. We believe the language on which appellant relies in paragraph 96c is part of a list of examples and not an additional element needed to establish the offense of obstructing justice. *See United States v. Simpkins*, 22 M.J. 924, 927 (N.M.C.M.R.1986), *aff'd*, 24 M.J. 49 (C.M.A.1987) (summary disposition) (the acts of bribery, intimidation, misrepresentation, force or threat of force illustrated in paragraph 96c are only examples of obstructing justice).

2. *See* MCM, 1984, Part IV, paras. 60c(2), (3). There are three categories of offenses under Article 134: (1) disorders and neglects to the prejudice of good order and discipline in the armed forces; (2) conduct of a nature to bring discredit upon the armed forces; and (3) crimes and offenses not capital.

3. The offense of obstructing justice under United States Code is committed when a person "willfully endeavors by means of bribery to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator." 18 U.S.C. § 1510(a) (1984). The Code defines criminal investigator as "any individual duly authorized by a department, agency, or armed force of the United States to conduct or engage in investigations of or prosecutions for violation of criminal laws of the United States." 18 U.S.C. § 1510(b).

4. Agreement under Article IV of the Mutual Defense Treaty Between the United States of America and the Republic of Korea Regarding Facilities and Areas and the Status of United States Armed Forces in the Republic of Korea,

lic of Korea requires the authorities of both countries to assist each other in the apprehension of violators who are members of the United States armed forces. The agreement further requires Korean authorities to notify United States military authorities as soon as practicable of the arrest of any military member. Agreement, Article XXII, 17 U.S.T. at 1696, paras. 5(a), (b). Military authorities of the United States and the authorities of the Republic of Korea are required to assist each other in the investigation of offenses involving United States personnel. *Id.,* 17 U.S.T. at 1697, para. 6(a). Although Korea may have primary jurisdiction over offenses committed by a service member, Korea is required to "give sympathetic consideration to a request from authorities" of the United States for a waiver of that jurisdiction.[5] *Id.,* 17 U.S.T. at 1696, para. 3(c). Further, it is the policy of the United States to request waiver of primary jurisdiction in all cases to ensure that our military personnel receive the constitutional protections of courts-martial. *United States v. Jensen,* 25 M.J. 284, 288 (C.M.A.1987); *United States v. Jordan,* 1 M.J. 334 (C.M.A.1976). In complying with the terms of the Agreement, therefore, the Korean police in effect acted as a conduit for information destined for United States military officials. Based on appellant's statements during the providence inquiry and his conduct during and after the commission of the offenses,[6] we are convinced that the false information appellant gave to the Korean police was intended ultimately for United States armed forces authorities.

We also find that appellant's conduct was service discrediting and prejudicial to good order and discipline. It can hardly be gainsaid that it brings discredit upon the armed forces of the United States when a soldier makes false statements to foreign law enforcement officials regarding an offense in which the soldier is involved with a citizen of the host country. Further, it is obviously prejudicial to good order and discipline when a soldier relates false information which he knows or reasonably should know will ultimately come to the attention of responsible military authorities of the United States. *Cf. United States v. Seymore,* 19 M.J. 608, 609 (A.C.M.R.1984) (resisting apprehension by foreign police officials who are not agents of the United States is not a violation of Article 95, 10 U.S.C. § 895, but is a violation of Article 134).

For the foregoing reasons, we hold that the appellant's plea of guilty to obstructing justice was provident.

The findings of guilty and the sentence are affirmed.

Judge WERNER and Judge SMITH concur.

---

July 9, 1966, United States–ROK [hereinafter Agreement], Article XXII, 17 U.S.T. 1677, *reprinted in* Dep't of Army, Pam. 27–24, Selected International Agreements, Volume 2 (1 Dec. 1976).

5. Based on the facts in this case and the terms of the Agreement, it appears that the Korean authorities had primary jurisdiction over the drunk driving and assault offenses, but the United States had primary jurisdiction over the wrongful appropriation of a military vehicle and violation of a general regulation. *See* Agreement, Article XXII, 17 U.S.T. at 1695, paras. 3(a)(i), (ii) (the United States has primary jurisdiction over offenses solely against the personnel or property of the United States and offenses arising out of any act or omission done in the performance of official duty).

6. Appellant indicated during the providence inquiry that he made the misrepresentation to conceal the fact that SPC G was driving a military vehicle without a military driver's license. Appellant's act of reporting the accident to the Korean police indicates that he was not trying to conceal the fact that the child had been hit by the truck.