UNITED STATES, Appellee,

v.

Private First Class Morris F. POOLE, Jr., 216–98–4118, United States Army, Appellant.

ACMR 9202054.

U.S. Army Court of Military Review.

7 March 1994.

For Appellant: Captain Thomas D. Wight, JAGC, (argued); Major Robin L. Hall, JAGC (on brief).

For Appellee: Captain Louis E. Peraertz, JAGC, (argued); Colonel Dayton M. Cramer, JAGC, Major James L. Pohl, JAGC, Major Kenneth T. Grant, JAGC, Captain Andrew G. Oosterbaan, JAGC (on brief).

Before WERNER, LANE, and RUSSELL, Appellate Military Judges.

OPINION OF THE COURT

WERNER, Senior Judge:

Upon mixed pleas, the appellant was convicted by a military judge sitting as a general

court-martial of being absent without leave, disrespect to a noncommissioned officer, wrongful use of cocaine, and adultery in violation of Articles 86, 91, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, 912a, and 934 (1988) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the adjudged sentence.

The appellant contends that his conviction for adultery is insufficient in law and fact for two reasons. First, he had never entered into a viable marriage. Second, assuming the legitimacy of his marriage, his allegedly adulterous conduct was not prejudicial to good order and discipline. We disagree with both aspects of the appellant's argument and affirm.

## I.

In April 1989, while assigned to Fort Bragg, North Carolina, the appellant married a woman who lived in Baltimore, Maryland. In December 1989, the appellant embarked on an unaccompanied tour of duty to Korea where he remained until April 1991 when he was reassigned to Fort Carson, Colorado. Although the appellant and his wife had consummated the marriage, they never lived together after the honeymoon. The appellant testified that, upon his return from Korea, his wife, who was living with another individual, told him that she intended to divorce him. As of the trial date in September 1992, neither she nor the appellant had instituted divorce proceedings.

On the evening of 22 May 1992, the appellant and Private First Class (PFC) Mondrey went into Colorado Springs for an evening on the town. Their expectations were more than fulfilled when they met Kristi R, an affable young woman with a penchant for fun, who invited them to her apartment for drinks (gin and beer) and drugs (cocaine). After several hours of drinking and using drugs in Kristi's apartment, the trio went to PFC Mondrey's room in the enlisted bar-

racks on Fort Carson where they played cards, drank beer, and smoked cocaine. In the course of the evening, the conversation turned to sex. Subsequently, the appellant and Mondrey alternatively participated in sexual intercourse with Kristi.*

After announcing findings, the military judge made the following special findings concerning the adultery charge:

> That, on or about 22 May of 1992, at Fort Carson, Colorado, PFC Poole wrongfully had sexual intercourse with Kristi [R];
>
> That, at the time PFC Poole was legally married to another; and
>
> That under the circumstances ... (it occurred in the barracks, some time between 0200 and 0230 in the morning, on a week night with the duty the next morning.) ... this conduct was prejudicial to good order and discipline.

## II.

■ The test for legal sufficiency of the evidence is whether, considering the evidence in the light most favorable to the government, the trier of fact could rationally find the existence of every element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Blocker,* 32 M.J. 281 (C.M.A.1991). The test for factual sufficiency is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, this court is itself convinced of appellant's guilt beyond a reasonable doubt. UCMJ art. 66(c), 10 U.S.C.A. 866(c); *United States v. Turner,* 25 M.J. 324 (C.M.A.1987).

■ We hold first, that even though the appellant never shared a common abode with his wife and apparently did not actively participate in a marital* relationship, the appellant's marriage was nonetheless valid. Military law recognizes the legitimacy of mar-

---

* Kristi testified that the appellant and Mondrey raped her. However, the appellant testified that she engaged in sex voluntarily. The military judge believed the appellant and found him not guilty of rape.

riages by service personnel if valid in the state in which they are contracted. *United States v. Richardson*, 1 U.S.C.M.A. 558, 4 C.M.R. 150, 1952 WL 2710 (1952); *United States v. Lawton*, 19 M.J. 886 (A.C.M.R. 1985); *see also*, Dep't of Defense Military Pay and Allowances Entitlement Manual, para. 30232–30233 (Jan. 1, 1993). "Marriage is a contract under which a man and a woman reciprocally engage to live with each other during their joint lives, and to discharge toward each other the duties imposed by law on the relation of husband and wife." 55 C.J.S. Marriage § 1 (1948). A marital contract cannot be broken by the parties but may only be dissolved in accordance with the law of a state with jurisdiction over the parties. "Parties either are, or are not, married, there being no intermediate state or condition." *Id.*

The evidence established that the appellant and his wife entered into a valid marriage in April 1989. On the date he committed the offense he was still a party to that marriage and there was no evidence to indicate the marriage had been dissolved by lawful authority. None of the conditions characterizing the appellant's marriage—that he had not lived with his wife during the marriage and that they intended to divorce—invalidates the marriage as a matter of law. Accordingly, the appellant's argument that he was not married is without merit.

### III.

■ We also reject the appellant's argument that his adulterous conduct was not prejudicial to good order and discipline. In order to sustain a conviction for adultery under Article 134, UCMJ, not only must the government prove the existence of a valid marriage and an act of sexual intercourse with another by one of the parties to the marriage, but also that the act of sexual intercourse constituted conduct that was prejudicial to good order and discipline. *See generally United States v. Hickson*, 22 M.J. 146 (C.M.A.1986). Conduct prejudicial to good order and discipline refers to "acts directly prejudicial to good order and discipline

and not to acts which are prejudicial only in a remote or indirect sense." Manual for Courts–Martial, United States, 1984, Part IV, para. 60c(2)(a); *see also United States v. Williams*, 26 M.J. 606, 608 (A.C.M.R.1988) (conduct must be "'directly and palpably' prejudicial to good order and discipline and easily recognizable as criminal." (citations omitted)). Some acts are inherently prejudicial to good order and discipline because they involve a degree of moral turpitude. *United States v. Greene*, 34 M.J. 713 (A.C.M.R.1992); *United States v. Light*, 36 C.M.R. 579 (A.B.R.1965). Others require an assessment of the circumstances surrounding the commission of the offense in making the determination. Adultery falls into the latter category. *United States v. Green*, 39 M.J. 606 (A.C.M.R.1994); *United States v. Perez*, 33 M.J. 1050 (A.C.M.R.1991).

■ What then are the circumstances surrounding the appellant's adultery that support the third element of this offense? The military judge was persuaded by the fact that sexual intercourse occurred in the barracks during the early morning hours on a week night with duty the next morning. This suggests that the judge believed the appellant's misconduct had a real and palpable impact on unit duty performance because of the time and place of its occurrence. While we are satisfied that the judge correctly assessed the prejudicial impact of the appellant's conduct on good order and discipline in a barracks situation, two other facets of the appellant's behavior also convince us that the appellant's actions were detrimental to the proper functioning of his unit. The appellant's adultery was part of a panoply of debauchery that included card playing, drinking and drug use that, under the circumstances, was inconsistent with an orderly, disciplined barracks environment. Furthermore, by engaging in sexual intercourse in the presence of a third party, the appellant committed an act of public indecency. *See United States v. Berry*, 6 U.S.C.M.A. 609, 20 C.M.R. 325 (1956); *United States v. Morgan*, 31 M.J. 535 (A.C.M.R.1990). Clearly, these facts establish that the appellant's misconduct was offensive not only by military stan-

dards of decency, but also by general community standards. *Cf. United States v. Perez,* 33 M.J. 1050.

We have considered the matters submitted by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982) and find them to be without merit.

Accordingly, the findings of guilty and the sentence are affirmed.

Judge LANE and Judge RUSSELL concur.